Jackson, *ex dem.* Ludlow, *against* Meyers.

J. TALLMADGE, for the defendant, moved for judgment as in case of nonsuit, for not proceeding to trial at the last circuit in *Dutchess*, on the usual affidavit.

*J. Radcliff*, contra, said he was ready to stipulate, but supposed that, as the cause had been once tried, and a new trial granted, the plaintiff was not now obliged to stipulate.

*Per Curiam.* It makes no difference whether there has been one trial, or not. In every case where the plaintiff does not bring on the cause pursuant to notice, he must be nonsuited, unless he *stipulates* to try the cause at the next circuit, or be nonsuited.

Where a new trial has been granted, and the plaintiff does not bring on the cause to trial, pursuant to notice, judgment of nonsuit will be granted, unless he *stipulates* to try the cause, at the next circuit.

## Falls *against* Stickney.

GRIFFEN, for the plaintiff, moved for judgment by default, in this cause, on the ground, that the plea which had been put in, was a nullity.

*Foot*, contra.

*Per Curiam.* The plea is clearly bad, but it may have been put in, *bona fide.* If a plea is bad or frivolous, the plaintiff ought either to demur to it, or treat it as a nullity, and enter a default, without any application to the court. Had the plaintiff demurred, the defendant might have obtained leave to amend. The present motion was unnecessary.

Where a plea is put in, which the plaintiff considers as frivolous, or a nullity, he may either enter a default for want of a plea, or demur, but must not apply to the court for judgment by default.

Rule refused.